1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DIANA LEE WALLACH LORRETZ,

11              Plaintiff,                    No. 2:12-cv-1801-KJM-EFB PS

12        vs.

13   USA GOVERNMENT, INCLUDING
     FBI AGENTS, LAW ENFORCEMENT,
14   SSA, SURGEON GENERAL, ALL MY
     PRESIDENTS,
15
              Defendants.              ORDER
16   _____/

17        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

18   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Dckt. No. 2.  Plaintiff's

20   declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the

21   request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

22        Determining plaintiff may proceed *in forma pauperis* does not complete the required

23   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

24   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

25   state a claim on which relief may be granted, or seeks monetary relief against an immune

26   defendant.

1

1      Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12      In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21      Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

23   *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24   1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

25   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

1  (3) be authorized by a federal statute that both regulates a specific subject matter and confers

2  federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

3  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

4  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

5  *Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

6  of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

7  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

8  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

9         Here, it is unclear from plaintiff's complaint precisely what she is alleging.  *See* Dckt.

10  No. 1.  Plaintiff seeks twelve billion dollars from the United States Government, including

11  Federal Bureau of Investigation ("FBI") agents, law enforcement, the Social Security

12  Administration ("SSA"), the Surgeon General, and all of the United States Presidents since

13  Harry S. Truman.  *Id.*; Dckt. No. 1-1.  Plaintiff alleges that the United States government harms

14  her "by creating medical and legal malpractice."  *Id.*  She further alleges that President Truman

15  "hired Nazis to watch [plaintiff and others]" and that all the United States Presidents and FBI

16  agents since then have "participate[d] with (state courts) judges and attorneys and transportation

17  [agencies] to cripple [plaintiff] so [she] cannot do [her] homework."  Dckt. No. 1.

18         However, plaintiff does not state any cognizable claims and does not provide a basis for

19  this court's jurisdiction.  Although the civil cover sheet attached to her complaint indicates that

20  defendants violated plaintiff's "other civil rights," plaintiff has not alleged any facts

21  demonstrating such a violation.  Dckt. No. 1-1.  Therefore, the complaint will be dismissed.

22  Plaintiff will be granted leave to file an amended complaint, if she can allege a cognizable legal

23  theory and sufficient facts in support of that cognizable legal theory and if she can establish that

24  subject matter jurisdiction is proper.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

25  banc) (district courts must afford pro se litigants an opportunity to amend to correct any

26  deficiency in their complaints).

3

Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended

////

1   complaint.  Failure to timely file an amended complaint in accordance with this order will result

2   in a recommendation this action be dismissed.

3   DATED:  July 11, 2012.

4                                          EDMUND F. BRENNAN
5                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26