IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA LEE WALLACH LORRETZ,

      Plaintiff,                                No. 2:12-cv-1801-KJM-EFB PS

      vs.

USA GOVERNMENT, INCLUDING FBI AGENTS, LAW ENFORCEMENT, SSA, SURGEON GENERAL, ALL MY PRESIDENTS,

      Defendants.                           FINDINGS AND RECOMMENDATIONS

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 11, 2012, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 3. The order noted that although it was unclear from plaintiff's complaint precisely what she is alleging, her complaint failed to state any cognizable claims and did not provide a basis for this court's jurisdiction. *Id.* at 3. Therefore, the complaint was dismissed, and plaintiff was provided thirty days to file an amended complaint, if she could allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory and if she could establish that subject matter jurisdiction is proper. *Id.* at 3, 4.

1

Although plaintiff has not technically filed an amended complaint, on July 30 and July 31, 2012, she filed two miscellaneous documents with the court. Dckt. Nos. 5, 6. In the July 30 filing, plaintiff alleges that "Chabad of Sacramento, CA, and congregation Bnai Israel . . . told [her] to go back to the Christians for help instead of asking for Jewish help" and that she responded that "in Sacramento, CA, President Ronald Reagan had Alzheimer's as much as King Tut had it." Dckt. No. 5. In the July 31 filing, plaintiff alleges that she "was approached" by various law enforcement officials while she traveled across the country, and that she "made [a] mandated report to Sacramento police that [she] can probably prove, using the death certificates [she] purchased, that [her] parents and [her] husband and [her] uncle Richard Wallach were tortured and murdered in U.S.A. hospitals, but possibly not uncle Richard Wallach." Dckt. No. 6. She further alleges that "there is still a (communication device) in [her] that (other ones) are targeting in five countries." *Id.*

Then, on August 15 and August 16, 2012, she filed two additional miscellaneous documents with the court. Dckt. Nos. 7, 8. In those filings, plaintiff alleges that, among other things, her "four grandparents did not speak English and nobody taught [her sibling and her] any languages they speak, so they had secret conversations with rabbis and community and social security administration about Europe and North America, so maybe they were kidnapped too. We were kidnapped." Dckt. Nos. 7, 8.

The court will construe each of plaintiff's filings as a purported amended complaint. However, because none of the filings states a cognizable claim or a basis for this court's jurisdiction, the undersigned will recommend that those filings be dismissed without further leave to amend.

As noted in the July 11, 2012 order, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

2

1  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's
2  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
3  conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual
4  allegations must be enough to raise a right to relief above the speculative level on the assumption
5  that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate
6  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
7  support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
8  Cir. 1990).

9        In reviewing a complaint under this standard, the court must accept as true the allegations
10  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740
11  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
12  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must
13  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule
14  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
15  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the
16  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
17  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18        Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
19  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*
20  *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &
21  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question
22  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)
23  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or
24  (3) be authorized by a federal statute that both regulates a specific subject matter and confers
25  federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
26  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's purported amended complaints are once again very nearly incomprehensible.  Dckt. Nos. 5, 6, 7, 8.  None of the filings allege any facts that would support a cognizable legal claim or a basis for this court's jurisdiction.  Because amendment would be futile, the purported amended complaints should be dismissed without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's purported amended complaints, Dckt. Nos. 5, 6, 7, and 8, be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4